# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      Plaintiff,

      v.                    CASE NO. **18-10099-01-EFM**

**BRADLEY A. PISTOTNIK,**

      Defendant.

# INFORMATION

THE UNITED STATES ATTORNEY FOR THE DISTRICT OF KANSAS CHARGES:

### COUNT 1

**Accessory After the Fact**
**18 U.S.C. §3**

On or about September 25, 2014, in the District of Kansas, the defendant,

**BRADLEY A. PISTOTNIK,**

knowing that an offense against the United States has been committed, to wit, the communication of an extortionate threat in interstate commerce to Leagle.com in

violation of 18 U.S.C. §875(d), knowingly assisted and provided comfort to the offender in order to hinder or prevent the offender's apprehension, to wit, by denying his awareness of David Dorsett's involvement in sending the communications to Leagle.com and subsequently paying David Dorsett for his involvement.

### COUNT 2

### Accessory After the Fact
### 18 U.S.C. §3

On or about September 25, 2014, in the District of Kansas, the defendant,

### BRADLEY A. PISTOTNIK,

knowing that an offense against the United States has been committed, to wit, the communication of an extortionate threat in interstate commerce to RipoffReport.com in violation of 18 U.S.C. §875(d), knowingly assisted and provided comfort to the offender in order to hinder or prevent the offender's apprehension, to wit, by denying his awareness of David Dorsett's involvement in sending the communications to RipoffReport.com and subsequently paying David Dorsett for his involvement.

### COUNT 3

### Accessory After the Fact
### 18 U.S.C. §3

On or about September 25, 2014, in the District of Kansas, the defendant,

### BRADLEY A. PISTOTNIK,

knowing that an offense against the United States has been committed, to wit, the

communication of an extortionate threat in interstate commerce to attorneys at the law office of Jaburg Wilk in violation of 18 U.S.C. §875(d), knowingly assisted and provided comfort to the offender in order to hinder or prevent the offender's apprehension, to wit, by denying his awareness of David Dorsett's involvement in sending the communications to attorneys at Jaburg Wilk and subsequently paying David Dorsett for his involvement.

        **Respectfully Submitted,**

        **STEPHEN R. McALLISTER**
        **United States Attorney**

        <u>s/Jason W. Hart</u>
        JASON W. HART
        Assistant United States Attorney
        District of Kansas
        1200 Epic Center, 301 N. Main
        Wichita, Kansas 67202
        (316) 269-6481
        Ks. S. Ct. No. 20276
        Jason.Hart2@usdoj.gov