IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY A. PISTOTNIK<br><br>Defendant. | Case No. 18-CR-10099-01-EFM |

FILED
U.S. District Court
District of Kansas
OCT 15 2019
Clerk, U.S. District Court
By _____ Deputy Clerk

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Jason W. Hart, and the defendant, Bradley A. Pistotnik, personally and by and through his counsel, Kepler Funk and others (listed below), hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to an Information charging three violations of 18 U.S.C. §3, that is, Accessory After the Fact in relation to 18 U.S.C. §875(d). By entering into this Plea Agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which he has agreed to plead guilty is up to one (1) year of imprisonment, a fine of up to $125,000[1], up to one (1) year of supervised release, and a $100.00 mandatory special assessment. The defendant understands that the maximum sentences which may be imposed as to Counts 2 and 3 of the Information include the same terms, and either or both may be made consecutive to Count 1.

---

[1] Pursuant to 18 U.S.C. §3, the fine shall be "not more than one-half the maximum fine prescribed for the punishment of the principal." Thus, the maximum fine is 1/2 of the $250,000 fine that is prescribed for a violation of 18 U.S.C. §875(d), or $125,000.

Ver. 19-01

2.     **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Leagle.com (Leagle) is a website that hosts legal opinions and cases from all federal and state higher courts. Leagle maintains computers outside the state of Kansas, which it uses to publish the legal opinions and facilitate communications in interstate and foreign commerce. At the relevant times below, Leagle's website made available to the public a Kansas Supreme Court's disciplinary opinion involving the defendant, Bradley A. Pistotnik.

RipoffReport.com (RipoffReport) is a website that publishes consumer reviews of businesses. RipoffReport uses computer servers outside the state of Kansas, which it uses to publish the consumer reviews and to facilitate communications in interstate and foreign commerce. At the relevant times below, RipoffReport's website made available to the public a negative review involving the defendant.

Jaburg Wilk is a law firm that represented RipoffReport at all times relevant to the case. Jaburg Wilk maintains computers outside the state of Kansas, which it uses to facilitate communications in interstate and foreign commerce.

On September 12, 2014, co-defendant David Dorsett (hereinafter Dorsett) contacted the defendant to offer web design and reputation management services. The defendant met with Dorsett on September 15, 2014.

On September 25, 2014, Dorsett initiated a flood of emails to the servers used by Leagle, RipoffReport, and Jaburg Wilk, for the purpose of causing the removal of website information pertaining to the defendant. These emails impaired the communications systems of servers of Leagle, RipoffReport, and Jaburg Wilk, rendering communications and information inaccessible on each respective systems. The emails included the following threat to Leagle:

> Remove this page and we stop -
> http://www.leagle.com/decision/1993548254Kan294_1522.xml
> /IN%20RE%20PISTOTNIK - if you dont remove it we will begin targeting your advertisers and explain that this will stop happening to them once they pull their ads from leagle.com or leagle.com kills this page -
> http://www.leagle.com/decision/1993548254Kan294_1522.xml/IN%20RE%20P
> ISTOTNIK. You have 4 hours before we start hitting your advertisers.

The emails included the following threat to RipoffReport and Jaburg Wilk:

> Remove this page and we stop - http://www.ripoffreport.com/r/Brad-Pistotnik-Law/Wichita-Kansas-67206/Brad-Pistotnik-Law-Wichita-Truck-Accident-Lawyer-Hes-a-criminal-Wichita-Kansas-1177867 – if you dont remove it we will begin targetitng your advertisers and explain that this will stop happening to them once they pull their ads from ripoffreport.com or ripoffreport.com kills this page -

2

>http://www.ripoffreport.com/r/Brad-Pistotnik-Law/Wichita-Kansas-67206/Brad-Pistotnik- Law-Wichita-Truck-Accident-Lawyer-Hes-a-criminal-Wichita-Kansas-1177867. You have 4 hours before we start hitting your advertisers.

These emails were sent via the internet in interstate commerce, and the threats conveyed caused the websites to remove the pages. Those emails constituted violations of 18 U.S.C. 875(d).

During the flood of email, Pistotnik was contacted by attorneys from Jaburg Wilk and RipoffReport at his office in Kansas regarding the attacks against RipoffReport, Jaburg Wilk, and Leagle[2]. The call was recorded. During the recorded telephone call, he denied knowing anything about the attacks, not revealing Dorsett's name.

After the RipoffReport page was removed, Dorsett sent the defendant an email that described his method and showing the RipoffReport page had been removed. Four days later, on September 29, 2014, Dorsett sent Pistotnik an email with an invoice listing services related to Leagle and RipoffReport, which Pistotnik then paid by check the same day.

 3. **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

 (a) a fine (rather than term of imprisonment or supervision) of $125,000 on each count, totaling $375,000;

 (b) a $100 mandatory special assessment on each count, totaling $300; and

 (c) restitution in the amount of $55,200 to XCentric Ventures (RipoffReport).

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter its guilty plea as

---

[2] The attorneys were aware of the attack against Leagle because some of the emails errantly referenced "leagle.com" instead of "ripoffreport.com" in the body of the threat, i.e., a poor copy-paste job.

soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Defendant's Agreements.** The defendant agrees to deliver to the Clerk of the United States District Court full payment of the fines, assessments, and restitution as set forth above, prior to or at the time of sentencing.

5. **Government's Agreements.** In return for the defendant's plea of guilty and agreements as set forth herein, the United States agrees to dismiss the Indictment as to Bradley A. Pistotnik at the conclusion of sentencing, and agrees to not file any additional charges against the defendant, Brad Pistotnik Law, or Truck Accident Lawyers Group, arising out of the facts forming the basis for the present Information. The United States also agrees to an order authorizing the return of Pistotnik's passport upon conclusion of sentencing.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if the defendant has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice (as defined by U.S.S.G. § 3C1.1) or willfully attempted to do so; (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms,

4

this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, the defendant understands and agrees that all statements made by him, his agents or his representatives, shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the remaining terms of the proposed plea agreement (with exception of the appeal waiver in Paragraph 9 below) and the defendant will not be permitted to withdraw his guilty plea.

9. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge its sentence, or the manner in which it was determined, or otherwise attempt to modify or change its sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence different from that recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

11. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorneys and the defendant is fully satisfied with the advice and representation his attorneys have provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

15. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. The defendant further acknowledges that he is entering this guilty plea freely, voluntarily, and knowingly.

_____          Date: 10/15/2019
JASON W. HART
Assistant United States Attorney


s/Carrie Capwell                                          Date: 10/15/2019
CARRIE CAPWELL
Assistant United States Attorney
Criminal Chief

_____          Date: 10-15-19
BRADLEY A. PISTOTNIK
Defendant

_____          Date: 10/15/2019
KEPLER B. FUNK, ESQUIRE
(Florida Bar #957781)
Counsel for Defendant

_____          Date: 10/15/2019
KURT KERNS/MARK SCHOENHOFER
Counsel for Defendant (local)

8